# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Case No. 17-10941-SR |
| SHARMIL MCKEE, | Chapter 7 |
| Debtor | |

## MOTION FOR CONTEMPT

1. Debtor, Sharmil McKee, is an adult resident of Philadelphia, Pennsylvania.

2. Michael K. Pearson is the father of debtor's minor child. He pays child support to debtor.

3. The Family Court of Philadelphia collects Pearson's child support payment and remits the payments to debtor each month. The Family Court collects child support payments and enforces child support orders.

4. The Family Court of Philadelphia determined that Pearson overpaid his child support obligation by $36,507.25. Debtor attaches the Family Court Order indicating the liability as Exhibit A.

5. Debtor filed a Petition for Bankruptcy under Chapter 7 on February 9, 2017. Debtor attaches the filed Petition as Exhibit B.

6. In the Petition, Debtor listed Michel Pearson as a creditor for a $36,507.25 liability on Schedule E.

7. On April 13, 2017, Debtor amended Schedule E to include the Family Court of Philadelphia as a creditor for the same $36,507.25 liability. Debtor attaches the amended Schedule E as Exhibit C.

8. On March 12, 2017, the Bankruptcy Court served Notice of the Creditors § 341 Meeting that was held on April 5, 2017. Pearson attended. No one represented the Family Court. The Trustee continued the meeting to May 17, 2017.

9. On June 8, 2017, the Court discharged Debtor's debts, including the Pearson debt. Debtor attaches the Discharge Order as Exhibit D.

10. Neither Pearson nor the Family Court objected to Debtor's discharge, even though during the 341 Meeting, the Trustee instructed Pearson to hire an attorney to protect his rights.

11. On June 11, 2017, the Court served notice of the discharge to all creditors.

12. In July 2017, the Family Court served Debtor a notice of its intent to collect the $36,507.25 liability on Pearson's behalf by reducing Pearson's obligation by twenty (20%) percent. Debtor attached the collection notice as Exhibit E.

13. Debtor responded in writing indicating that the Bankruptcy Court discharged the debt, thus, Family Court should not collect this debt.

14. The Family Court responded by scheduling a hearing to determine if it should reduce Pearson's child support obligation due to the overpayment.

15. Hearing officer Joe Rotan and Atiba A. Askew, Supervisor of the Order Establishment and Enforcement Unit, conducted the hearing on September 13, 2017.

16. During the September 13, 2017 hearing, Debtor's counsel informed Hearing Officer Rotan that this debt was subject to the Court's Discharge Order. Debtor's counsel presented the discharge order. Counsel also forewarned Supervisor Askew that enforcement of this debt is a violation of the Court's Discharge Order and subjects Family Court to sanctions and attorney fees.

17. Pearson stated that Debtor added this liability to her bankruptcy case falsely.

18. Debtor's counsel stated that if Family Court attempted to collect this debt, the Court would be subject to sanctions by the Bankrtupcy Court. A payor's overpayment of support was not a domestic support obligation and thus was not exempt from discharge under 11 U.S.C. 523(a)(5) [domestic support obligation]. *In re Taylor*, 478 B.R. 419 (B.A.P. 10 Cir. 2012). Counsel provided Hearing Officer Raton with *In Re Taylor* to support his statement. The officer said he would read it later.

19. Supervisor Askew responded by stating "that what we are going to do here is follow office procedures." Hearing Officer Raton stated "we will reduce the child support order by 20% for 18 years."

20. The Bankruptcy Court properly held that the debt was dischargeable under § 523(a)(5) because it was not in the nature of support for the ex-husband when the obligation arose. *Taylor v. Taylor (In re Taylor)*, 478 B.R. 419, 422 (B.A.P. 10th Cir. 2012)

21. The Court in *In re Taylor*, 737 F.3d 670, 679 (10th Cir. 2013), held that a debtor's obligation to repay a former spouse for a support overpayment was not itself a support payment for purposes of section 101(14), which defines a domestic support obligation ("DSO"), and section 523(a)(5), concerning nondischargeability of a DSO. *In re Enright*, No. 15-14736-ABA, 2015 Bankr. LEXIS 2728, at *7 (U.S. Bankr. D.N.J. Aug. 13, 2015)

22. Likewise, the child support overpayment is not in the nature of support for creditor, father and was subject to the Bankruptcy Court's Discharge Order entered on June 8, 2017.

23. In violation of this Court's Discharge Order, Debtor's counsel having explained the law to First Judicial District at the conference, was told that an order was being put in place

reducing the child support due to the overpayment immediately and that it would be reviewed by a Master on a date certain in December 2017.

24. Pearson and the Family Court are in violation of 11 USC Section 727(b).

25. The $36,507.25 arose on December 22, 2016, which is 49 days prior to Debtor's Bankruptcy Petition.

26. The Court discharged the debt on June 8, 2017.

27. The Creditors Michael Pearson and Philadelphia Family are in contempt of the Court's Discharge Order, by intentionally and willfully collecting a discharged debt while knowledgeable of the discharge order. The Creditors required the Debtor and her counsel to appear for a judicial conference on September 13, 2017, and the existing support order was reduced because of the alleged overpayment.

28. The Creditors violations have caused actual damages including attorney fees.

WHEREFORE, Debtor seeks actual and compensatory damages against Family Court and Michael Pearson, and punitive damages against Michael Pearson only under 11 U.S.C. § 727.

**REAL WORLD LAW, P.C.**

Dated:  September 22, 2017        By: */s/ Glenn A. Brown*
           Glenn A. Brown, DMD, Esquire

           6778 Market Street
           Upper Darby, PA 19082
           (610) 734-0750

           *Attorney for Debtor*