IN THE UNTED STATED BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

SHARMIL MCKEE                                              Bankruptcy No.: 17-10941 (JKF)

Debtor                                                                Chapter 7

**APPELLANT'S DESIGNATION AND ISSUES PRESENTED**

Appellant/Child Support Creditor Michael K. Pearson ("Child Support Creditor" or "Creditor"), by and through his undersigned counsel, hereby designates the following as parts of the record he intends to reproduce:

### A. Parts of the Record Appellant Intends to Reproduce

1. Original Record Entry No. 57 – Appellee/Debtor Sharmil McKee's Motion for Contempt of Discharge Order by Michael K. Pearson and Philadelphia Family Court.

2. Original Record Entry No. 60 – Appellee/Debtor Sharmil McKee's and Co-Defendant Philadelphia Family Court Notice of Settlement between Philadelphia Family Court and Debtor Sharmil McKee.

3. Original Record Entry No. 75 – Order granting Appellee/Debtor Sharmil McKee's Motion to Reopen Case and to permit Debtor to File Motion for Contempt of Discharge Order.

4. Original Record Entry No. 87 & 90 – Hearings held on April 19, 2018 and June 19, 2018 on Appellee/Debtor's Motion for Contempt of Discharge Order by Michael K. Pearson and Philadelphia Family Court.

5. Original Record Entry No. 88 & 89 – Appellee/Debtor's Motion in Support of her Motion for Contempt of Discharge Order with Proposed Order.

6. Original Record Entry No. 91 – June 19, 2018 Order granting Appellee's Motion for Contempt of Discharge Order.

7. Original Record Entry No. 98 – Appellant's Notice of Appeal to District Court of June 19, 2018 Order granting Motion for Contempt of Discharge Order.

8. Original Record Entry No. 104 & 105 – Transcripts regarding hearings held before the Honorable Jean K. FitzSimon on April 19, 2018 and June 19, 2018

**B. Brief Statement of Issues Appellant Intends to Present for Review**

1. Whether the trial court erred as a matter of law, and therefore abused its discretion, when it granted Appellee/Debtor's Motion for Contempt of Discharge Order where Appellee failed to prove Appellant, a child support creditor, had a duty and a right to tell Philadelphia Family Court not to reduce child support payments.

2. Whether the trial court erred as a matter of law, and therefore abused its discretion, when it granted Appellee/Debtor's Motion for Contempt of Discharge Order where Appellant is a child support creditor, and the discharged debt relates to an ongoing child support matter and not to a judgment Appellant is seeking to enforce.

3. Whether the trial court abused its discretion when it failed to rule on the substance of Appellee/Debtor's memorandum of law in support of her Motion for Contempt and it agreed to rule on Appellee's brief only if she did not raise sufficient issue(s) to maintain her motion, but rather granted the Motion based solely Appellant failure to file a responsive memorandum in opposition thereto and retention of counsel 5 days before the hearing date.

4. Whether the trial court abused its discretion when it failed to allow Appellant to argue the substantive matters on June 19, 2018 and when it previously denied in substance Appellee's Motion for Contempt against Appellant without prejudice "to [her] making some subsequent legal argument."

2

**Respectfully submitted:**

**LAW OFFICE OF KARIN M. GUNTER**

/s/ Karin M. Gunter
Karin M. Gunter, Esquire
Pa Supreme Court ID: 79852
85 Old Cedarbrook Road
Wyncote, PA 19095
(215) 548-9992 (ph)
(215) 548-7277 (f)

3

IN THE UNTED STATED BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

SHARMIL MCKEE                               Bankruptcy No.: 17-10941 (JKF)

Debtor                                      Chapter 7

**CERTIFICATE OF SERVICE**

I, Karin M. Gunter, Esquire, do hereby certify that I served a true and correct copy of Creditor Michael K. Pearson's Appellant's Designation and Issues Presented Appearance of Child Support Creditor or Representative upon each of the following parties by the court's electronic pursuant to Fed. R. Civ. P. 5(b)(2)(E):

| | |
|---|---|
| The Honorable Jean K. FitzSimon<br>Robert N.C. Nix Federal Courthouse<br>900 Market Street, Suite 203<br>Philadelphia, PA 19107 | Pamela Elchert Thurmond, Esquire<br>City of Philadelphia Law/Revenue Dept<br>1401 JFK Boulevard, Room 580<br>Municipal Services Building<br>Philadelphia, PA 19102<br>Counsel for Joseph Rotan, Witness |
| Sharmil Donzella McKee<br>7441 Limekiln Pike, Apt B1<br>Philadelphia, PA 19138<br>Debtor | Glenn A. Brown, Esquire<br>Real World Law, P.C.<br>6778 Market Street<br>Upper Darby, PA 19083<br>Counsel for Debtor |
| Andrew Jason Coval, Esquire<br>Administrative Office of Pennsylvania Courts<br>1515 Market Street, Suite 1414<br>Philadelphia, PA 19102<br>Counsel for Family Court of Philadelphia | Lynn E. Feldman, Esquire<br>Feldman Law Office, P.C<br>221 N. Cedar Crest Blvd<br>Allentown, PA 18104<br>Trustee |

Date: July 17, 2018                         /s/ Karin M. Gunter
                                            Karin M. Gunter, Esquire
                                            Counsel for Appellant, Michael K. Pearson

4