IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN THE MATTER OF: : | |
| : | CIVIL ACTION No. 18-2854 |
| MICHAEL K. PEARSON, : | |
| : | |
| Appellant, : | BANKRUPTCY No. 17-10941 |
| : | |
| v. : | |
| : | |
| SHARMIL MCKEE : | |
| *also known as* : | |
| MCKEE LAW OFFICE : | |
| : | |
| Appellee. : | |

## **ORDER**

AND NOW, this 29th day of March, 2019, following a March 25, 2019, oral argument on the above-captioned bankruptcy appeal, it is ORDERED the appeal is DISMISSED for lack of jurisdiction.[1]

---

[1] Creditor-Appellant Michael K. Pearson appeals from the June 19, 2018, Order of the United States Bankruptcy Court for the Eastern District of Pennsylvania granting Debtor-Appellee Sharmil McKee's motion for contempt of a discharge injunction. The Order granted McKee's motion for contempt, but it left the issue of damages unresolved. The bankruptcy court informed the parties that the damages issue could be resolved either by the parties or the court. At the March 25, 2019, oral argument on Pearson's appeal, the parties explained the issue of whether and to what extent damages should be assessed remains outstanding. Although the parties did not press the issue of the Court's appellate jurisdiction over this matter under 28 U.S.C. § 158(a), the Court has "a duty to raise the issue of jurisdiction sua sponte." *In re Jeannette Corp.*, 832 F.2d 43, 45 (3d Cir. 1987).

   Section 158(a) provides that district courts of the United States have jurisdiction to hear appeals "from final judgments, orders, and decrees . . . and . . . with leave of the court, from interlocutory orders and decrees" of bankruptcy judges. Courts have taken a pragmatic approach to the concept of finality when it comes to bankruptcy appeals and have reviewed discrete portions of a bankruptcy action to avoid the waste of time and resources that might result from delaying review. *See In re Natale*, 295 F.3d 375, 379 (3d Cir. 2002) (collecting cases where finality was pragmatically interpreted). However, "even in bankruptcy appeals the concept of finality is not open-ended. Orders that do not fully adjudicate a specific adversary proceeding or that require further factual development are governed by the ordinary finality precepts of routine civil

It is further ORDERED McKee's Motion to Strike (Document 11) is DISMISSED as MOOT.

BY THE COURT:

/s/   Juan R. Sánchez
Juan R. Sánchez, C.J.

---

litigation." *In re Truong*, 513 F.3d 91, 94 (3d Cir. 2008) (quoting *United States v. Nicolet, Inc.*, 857 F.2d 202, 206-07 (3d Cir. 1988)).

   Here, the appealed Order is not final for the purposes of conferring jurisdiction on this Court. As noted, while the bankruptcy court granted McKee's motion for contempt, it left open the issue of damages, which neither the bankruptcy court nor the parties have resolved. The appealed Order is thus not a final order. *See In re U.S. Abatement Corp.*, 39 F.3d 563, 567 (5th Cir. 1994) ("[A]bsent an assessment of sanctions, a bankruptcy court's order holding a creditor in civil contempt of a discharge injunction is not a "'final judgment'" from which an appeal may be taken."); *cf. In re Jeannette Corp.*, 832 F.2d at 46 (holding bankruptcy court's order was not final when the order found the debtor's attorneys subject to sanctions but failed to determine the amount or form of the penalty); *In re Fox*, 762 F.2d 54, 55 (7th Cir. 1985) (finding order not final when it upholds liability but does not fix the amount of damages). Furthermore, the pragmatic concerns the Third Circuit has relied on to review non-final orders are not present here. *See In re Natale*, 295 F.3d at 379 (noting Third Circuit has deemed final a bankruptcy judge's order "expunging a creditor's claim" and "an order lifting the automatic stay subjecting real property to immediate foreclosure"). Therefore, the appealed Order is not a final Order for the purposes of conferring jurisdiction on this Court.

   Section 158(a) also provides the Court with jurisdiction to hear appeals from interlocutory orders. However, for the Court to hear such appeals, the parties must first petition for and receive leave of the Court. "Absent leave of court, [the district court] lack[s] jurisdiction over [an interlocutory order's] appeal." *Carroll v. Tutein*, No. 07-30012, 2014 WL 1218904, at *2 (D.V.I. 2014) (alterations in original) (quoting *In re Eagle*, 373 B.R. 609,610 (B.A.P. 8th Cir. 2007)). As the parties failed to request leave as required, the Court lacks jurisdiction to review the appealed contempt order.

2